816 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Snyder v. American Bridge Co.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANNA SNYDER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF PAUL C. SNYDER, DECEASED, PETITIONER, v. AMERICAN BRIDGE COMPANY, RESPONDENT.

**Death—Testimony That Employe was Violating Express Orders of Employer—Compromise Proposed, Accepted and Approved.**

On petition for compensation.. On determination, finding of facts and rule for judgment.

A petition having been filed in the above-stated matter praying for compensation to which the petitioner might be entitled by virtue of the terms and provisions of an act of the legislature of the State of New Jersey, entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule for compensation, and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, together with the several supplements thereto and amendments thereof, and the time and place for the hearing of the petition having been fixed, and it appearing to the court that the said petition and notice of the time and place of said hearing were duly served upon the respondent, and the matter having come in to be heard before Deputy Commissioner Charles E. Corbin on March 11th, 1927, and the respondent being represented by Messrs Lindabury, Depue & Faulks, and a letter having been produced signed by the petitioner and her attorneys, stating that a settlement on the basis of fifty per cent. of the amount which would be payable to her if she were entitled to full compensation, would be entirely satisfactory to her, and witnesses having been produced on behalf of the respondent to testify that deceased, Paul Snyder, was violating express orders of the respondent at the time the accident to him occurred, and that the violation of such orders was the cause of his injury and death, and it appear-

ing to the said deputy commissioner, from such letter and testimony, that there is grave doubt whether the said decedent died as a result of an accident arising out of and in the course of his employment by the respondent, and that the petitioner and other dependents are entitled to recover any compensation therefor under the Workmen's Compensation act of this state, and it further appearing that the decedent left petitioner and four children under the age of sixteen years and that the total amount payable under such settlement would be $5,746, and the deputy commissioner being satisfied that the said settlement is just and fair, and that it is for the best interests of the petitioner and the other dependents of the deceased that a portion of said settlement be commuted and that the remainder thereof be paid in weekly payments, and that the respondent has agreed to the said settlement and the payment thereof in the manner hereinafter set forth.

It is therefore, on this 18th day of April, 1927, ordered that the settlement hereinbefore referred to be and the same hereby is approved and confirmed, and that the respondent pay to petitioner the sum of $5,746 in full satisfaction of any and all claims of the petitioner and other dependents of the decedent against the respondent for compensation or otherwise, upon the express condition and terms that—

(a) Respondent shall forthwith pay sufficient of such amount to satisfy the present mortgage or mortgages or other indebtedness which may encumber petitioner's property located at No. 367 St. Helena, Dundalk, Baltimore, Maryland, and also to satisfy such other present indebtedness of petitioner as the respondent in its discretion may consider to be for the best interest of the petitioner and the other dependents.

(b) The balance of said sum of $5,746, after making the payments set forth in paragraph (a) above, shall be paid by respondent to petitioner for herself and the other dependents of decedent in weekly payments of $17 per week.

CHARLES E. CORBIN,
*Deputy Commissioner.*